Judge Hellerstein   07 CV 11458

BLANK ROME LLP
Attorneys for Plaintiff
PENINSULA PETROLEUM LTD
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENINSULA PETROLEUM LTD.,

    Plaintiff,

-against-

COSMOTRADE EXPORT S.A.,

    Defendant.

07 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff, PENINSULA PETROLEUM LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, COSMOTRADE EXPORT S.A. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed.R.Civ.P. 9(h). The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a corporation organized under the laws of the Republic of Ireland, with an office at The Chapel Building, Suite 404, Marys Abbey, Dublin 7, Republic of Ireland.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of a foreign nation with its offices located at 27-31 Hatzikyriakou Avenue, Piraus, 18538 Greece and no place of business in the United States.

4. In September 2007, Defendant requested that Plaintiff supply marine fuel ("bunkers") to the M/V IVAN MAKARIN and Plaintiff agreed to do so on Plaintiff's Standard Terms and Conditions ("STC") ("the Contract").

5. Plaintiff supplied the bunkers as per the Contract.

6. In breach of the Contract, Defendant failed to pay the sum of $112,050.00, which remains unpaid, despite due demand.

7. Plaintiff's STC provided for resolution of disputes arising out of the Contracts by arbitration in London according to English law. Plaintiff reserves its right to resolve the merits of this dispute in London pursuant to the STC.

8. It will likely take two years to resolve the dispute by arbitration in London.

9. Plaintiff's STC also provide that Defendants shall pay interest at 2.5% per month from the due date until paid. Two years of interest on $112,050.00 at 2.5% per month is $67,230.00.

10. English law provides for the recovery of legal fees and arbitration costs by a successful party. Plaintiff estimates that legal fees and arbitration costs will be $75,000.00.

11. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is $249,280.00.

12. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action,

assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of $249,280.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
December 20, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff
PENINSULA PETROLEUM LTD

By _____
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

BLANK ROME LLP
Attorneys for Plaintiff
PENINSULA PETROLEUM LTD.
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENINSULA PETROLEUM LTD., <br><br> Plaintiff, <br><br> -against- <br><br> COSMOTRADE EXPORT S.A., <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT PURSUANT TO** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

LeRoy Lambert, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant COSMOTRADE EXPORT S.A. ("De fendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2.  Defendant is a party to the maritime contract on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Germany or another foreign jurisdiction.

3.  Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
20th day of December, 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV-30, 2009

2